IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JONAS TURNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 5:23-cv-06017-DGK ) |
| WAL-MART STORES EAST, I LP, | ) ) |
| Defendant. | ) |

**ORDER GRANTING DEFNDANT'S MOTION TO DISMISS**

This case arises from an encounter outside a Wal-Mart in Kansas City, Missouri, when Plaintiff Jonas Turner was approached by a Kansas City, Missouri police officer and a Wal-Mart employee resulting in a thirty-minute detention by law enforcement. Plaintiff alleges Defendant Wal-Mart is liable for discrimination under the Missouri Human Rights Act[1] ("MHRA") and false imprisonment for the thirty-minute detention. Now before the Court is Defendant's motion to dismiss all claims. ECF No. 8. For the following reasons, the motion is GRANTED.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But this requires more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v.*

---

[1] Mo. Rev. Stat. §§ 213.010 *et seq*.

*Iqbal*, 556 U.S. 662, 678 (2009). The Court construes Plaintiff's Complaint liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Background**

Plaintiff is an African American, black male whose hair is styled in "locs" and "braids." Pet. ¶ 12, ECF No. 1-1. On May 5, 2022, Plaintiff went to Wal-Mart located at 8551 North Boardwalk Avenue, Kansas City, Missouri, and purchased an unpackaged car seat with cash obtained from a nearby ATM. *Id.* ¶¶ 13–20. After completing the transaction, Plaintiff exited the store carrying both his receipt and the car seat and placed the car seat in the trunk of his vehicle. *Id.* ¶¶ 21–23. As Plaintiff closed the trunk, two white individuals quickly approached him—a male Kansas City, Missouri police officer and a female Wal-Mart employee. *Id.* ¶ 24–26.

Plaintiff was detained by the two individuals and alleges he did not believe he was free to leave. *Id.* ¶ 27. The two individuals allegedly passed a device amongst themselves which Plaintiff believes contained a picture which they compared to him. *Id.* ¶ 28–29. According to Plaintiff, the two individuals did not respond when he asked why he was being detained. *Id.* ¶ 30. In fear, Plaintiff called his cousin and informed him of the situation. *Id.* ¶ 31. Plaintiff alleges the police officer instructed him to turn his hat to the front, and he complied. *Id.* ¶ 32. When Plaintiff asked the two individuals their names, the police officer provided his name and credentials and the Wal-Mart employee provided only her first name in accordance with Wal-Mart policy. *Id.* ¶¶ 33–34. After approximately thirty-minutes, another white female Wal-Mart employee allegedly arrived at the scene, but offered no explanation for her presence and did provide Plaintiff her name. *Id.* ¶¶ 35–36. At the same time, the police officer informed Plaintiff the investigation had concluded, whereafter Plaintiff entered his vehicle and left the premises. *Id.* ¶¶ 37–38.

In September 2022, Plaintiff sought relief from the Missouri Commission on Human Rights

2

("MCHR") alleging discrimination based on race, color, and sex. On April 21, 2023, Plaintiff received his right-to-sue letter from MCHR regarding his MHRA claims and filed a Petition[2] in the Circuit Court of Platte County, Missouri, on July 20, 2023. On August 25, 2023, Defendant removed the case to this Court based on diversity of citizenship. ECF No. 1.

**Discussion**

Plaintiff alleges four counts against Defendant arising from this encounter: (1) Race discrimination in violation of the MHRA; (2) color discrimination in violation of the MHRA; (3) sex discrimination in violation of the MHRA; and (4) false imprisonment. Defendant moves to dismiss all four counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.     Plaintiff fails to state any claim under the MHRA.**

Plaintiff alleges Defendant discriminated against him because of his race, color, and sex, in violation of the MHRA. Section 213.065 of the MHRA prohibits discrimination "in any place of public accommodation" because of a person's "race, color, religion, national origin, sex, ancestry, or disability." Discrimination is characterized as the denial of the "full and equal use and enjoyment" of a place of public accommodation.[3] Mo. Rev. Stat. § 213.065.1.

To state a claim under § 213.065, Plaintiff must establish (1) he was discriminated against in the use of a public accommodation, (2) his protected characteristic was the motivating factor in the discrimination, and (3) as a direct result of the discrimination he sustained damages. *See R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 425 (Mo. 2019) (en banc);

---

[2] Although in federal court the initial pleading is called a "complaint" instead of a "petition," because this case was removed from Missouri state court where the initial pleading is captioned a petition, the Court uses "Petition" to denote Plaintiff's initial pleading.

[3] As a threshold matter, the parties disagree over whether Wal-Mart is a place of public accommodation under the MHRA. Missouri courts have not addressed the issue. However, the Court need not reach this question because even assuming Wal-Mart is a place of public accommodation, Plaintiff fails to state a claim for race, color, or sex discrimination under the MHRA.

3

Mo. Rev. Stat. § 213.010(2).

Defendant argues Plaintiff has not pled facts sufficient to show his race, color, or sex, were the motivating factors in his alleged discrimination. In opposition, Plaintiff cites only three paragraphs in the Petition as support. *See* Suggestion in Opp'n at 9, ECF No. 10 (citing Pet. ¶¶ 41, 51, 61). However, all three paragraphs contain identical conclusory statements not supported by factual allegations. Plaintiff alleges "Defendant, Wal-Mart, discriminated against Plaintiff, because of his [race, color, or sex]" and he was "unreasonably detained due to his [race, color, or sex]." *See* Pet. ¶¶ 41, 43 (Count I); *id.* ¶¶ 51, 53 (Count II); *id.* ¶¶ 61, 63 (Count III). But nowhere in Plaintiff's recitation of the facts does he allege his race, color, or sex were the motivating factor in the alleged discrimination.[4] Rather, Plaintiff relies on conclusory statements and threadbare recitals of his cause of action. *See Iqbal*, 556 U.S. at 678. This is not enough to survive a 12(b)(6) motion to dismiss.

Accordingly, Plaintiff fails to state a claim for race, color, or sex discrimination under the MHRA.

## II. Plaintiff fails to state a claim for false imprisonment.

Plaintiff also alleges Defendant is vicariously liable for its employee's unreasonable detention of him without legal justification. Under Missouri law, the elements of false imprisonment are "(1) the detention or restraint of one against his will, and (2) the unlawfulness

---

[4] The Petition includes several general references to race, color, and sex. *See* Pet. ¶ 14 (noting Plaintiff is an African American, black male); *id.* ¶ 24 (noting two white individuals, a male and female, approached him quickly while he was putting the car seat in his trunk); *id.* ¶ 35 (noting a second female Wal-Mart employee arrived but provided no reason for her presence). But these allegations cannot be construed to satisfy the motivating factor standard under § 213.065. That is, the fact Plaintiff is black and male does not give rise to a reasonable inference that he was discriminated against because of his race, color, and sex simply because the police officer was a white male, or because the two Wal-Mart employees were white females. As Defendant notes, Plaintiff made no allegations that anyone used derogatory language, made a discriminatory comment, or used racially charged language toward him. *See* Suggestions in Supp. at 10, ECF No. 9. Without more, Plaintiff's conclusory allegations are insufficient.

4

of such detention or restraint." *Gibbs v. Blockbuster, Inc.*, 318 S.W.3d 157, 169 (Mo. Ct. App. 2010). A person may be liable for false imprisonment if they "encourage[], cause[], promote[], or instigate[] the arrest of another" even if they do not physically detain the person. *Id.* But "[a] person who merely states facts to a law enforcement officer, while leaving it to the officer's discretion to act upon such information, is not liable for false imprisonment." *Id.*

Defendant argues Plaintiff has not pled sufficient facts to show its employee falsely imprisoned him. Plaintiff maintains his Petition is sufficient.[5] The Petition alleges only that Defendant's employee: (1) approached Plaintiff's car quickly with a law enforcement officer; (2) detained Plaintiff against his will; (3) passed a device to the law enforcement officer; (4) failed to respond to a question; and (5) provided only her first name. All these allegations are conclusory. *See Iqbal*, 556 U.S. at 678. They do not give rise to a reasonable inference Defendant's employee unlawfully detained or restrained Plaintiff against his will.

Viewing these allegations in the light most favorable to Plaintiff, the most Defendant's employee did was potentially state facts to law enforcement (i.e., pass a device), while the investigation and alleged detention was at the officer's discretion. This is not enough to state a claim for false imprisonment. *See Gibbs*, 318 S.W.3d at 169.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

Date: November 7, 2023      /s/ Greg Kays
                            GREG KAYS, JUDGE
                            UNITED STATES DISTRICT COURT

---

[5] Throughout this section Plaintiff incorrectly cites the Petition, mischaracterizes the Petition's language alleging he was "accosted" by the police officer and Wal-Mart employee, and includes allegations not pled in the Petition that the two "were working in conjunction with one another." *See* Suggestions in Opp'n at 8. In ruling on this motion, the Court considers only Plaintiff's allegations as pled in the Petition.

5